## PETITION OF NEW BOSTON.

By the report of the County Commissioners, a portion of the expense of laying out and building a highway in other towns, was assigned to be paid by the town of F. under the provisions of Gen. Stat., chap. 62 § 12.

One of the commissioners was a stockholder in a corporation taxed and paying state taxes in the town of F.    *Held*, that the commissioner was interested in the proceeding and disqualified to act therein ; and that the report of the commissioners laying out the highway, must be set aside.

THIS was a petition to set aside the report of the county commissioners laying out a highway in Weare and New Boston, on the ground of disqualifying interest on the part of Gilman Scrippure, one of the board of commissioners.    The facts are sufficiently disclosed in the opinion of the court.

*George Y. Sawyer & Sawyer, Jr.*, and *Wadleigh*, for the petitioners.

*Morrison & Stanley*, for the petitionees.

The highway was largely petitioned for by the people living along

the line over which it was laid.   Mr. Scripture had no property in either of the towns through which it was laid, and so far as the laying out was concerned had no direct interest whatever in the question. It is said that the agent of a corporation in which he was a stockholder was one of the petitioners, and that he was present at the hearings, and that the road if laid out would benefit that corporation.

It appears from the evidence that the corporation has a capital of $300,000, divided into shares of $100 each, and that on the books said Scripture had six shares standing in his name,· and that forty-five shares more had been transferred to him, which had not been recorded on the books of the corporation.   This corporation was located at Nashua, and owned its quarry in Francestown.   Now the interest of Mr. Scripture in the corporation was very slight indeed, and the corporation itself had no direct interest in the question before the commissioners ; no interest in fact more than any citizen in the state who would have occasion to use the highway.   So that upon the question of laying out the road he was not in the least disqualified.   He then not being disqualified by reason of interest on the question of laying the road, the court will not set aside the report so far as it relates to that question, because he might be considered as remotely interested in the question of how much of the expense of building it Francestown should bear.   *Mitchell* v. *Holderness*, 29 N. H. 523.

Then as to his interest in the question of how much of the expense Francestown should bear, we say that his interest was too remote to disqualify him.   We have seen how slight it was in the corporation which was a taxpayer in the town.   The shares of that corporation are personal property, and so far as appears are taxable like other personal estate to the owner in the town where he lives. He therefore was not a taxpayer in Francestown.   It is said that the corporation were taxpayers in Francestown.   To some extent they were ; but the proportion of each stockholder was very small, not more than $0.30 per share.   We have then the testimony of Mr. Scripture, in which he distinctly states that the fact that he was a stockholder did not occur to him while he was considering the petition, and that in his action he was not in any respect governed by the question of his interest, and from the testimony of his colleagues, Mr. James and Mr. Scott, it clearly appears that they had no knowledge of Scripture's being in any way interested, and that they were unanimously in favor of laying the same when they first came together to consider the question after the evidence and arguments were closed.   On this branch of the case we maintain that Scripture's interest, either in the question of laying out the highway or of apportioning the expense was very small and very remote.

Foster, J.   The petition of Ziba Hoit and others, for a new highway in the towns of New Boston and Weare, was referred to the county commissioners at the May term of the supreme court, 1867. At the time of the hearing of this petition before the commissioners,

the town of New Boston, by their agents, appeared and opposed the laying out of the highway, and at the same time presented their petition to the commissioners setting forth that the expense of constructing the highway would be excessively burdensome to the town of New Boston, and that the town of Francestown would be greatly benefited thereby, and praying that a part of the expense of building the highway, if constructed, should be borne by Francestown. The town of Francestown appeared and was heard upon the question of laying out the highway.

At the May term, 1868, the commissioners made their report, laying out the highway and assessing a portion of the expense upon the town of Francestown. Their report was accepted by the court.

There was much evidence before the commissioners tending to show that the building of the road prayed for, would tend to the pecuniary advantage of the Francestown Soapstone Co., a corporation doing business at Francestown, by furnishing to them increased facilities for the transportation of free stone from their quarry, situated near one of the termini of the proposed highway.

After the acceptance of the report, it came to the knowledge of the present petitioners that Gilman Scripture, one of the commissioners, who sat and acted upon the petition for laying out the highway, was a stockholder in the Francestown Soapstone Co. The corporation was taxed and paid taxes in Francestown. Mr. Scripture was, therefore, to some extent, directly interested in the question, not only of the amount which the town of Francestown might be assessed, but also in the question, whether or not the highway should be laid out. The corporation being liable by taxation to contribute to the making of the road, his pecuniary interests were liable to be affected by the decision of the commissioners.

The objection of interest strikes at the foundation of the whole proceedings of the commissioners, and not merely to the question of the assessment upon Francestown, since that town was made a party to the original proceedings, and the matter of the alleged pecuniary advantage to the Soapstone Co. was one directly connected with the question, whether or not the road should be laid out.

There is no evidence tending to show that the present petitioners had any knowledge or cause of suspicion of Mr. Scripture's interest in the proposed highway; and there is nothing tending to show any waiver in law, or, in fact, of the exception now taken by them.

The statute is peremptory. If one of the commissioners be interested, he shall not serve. Mr. Scripture was interested and did serve.

The court, therefore, has no discretion in the matter. If it had, it would probably be exercised in accordance with those general principles which exclude from the judicial tribunal, the judge, juror or commissioner, who must either " gain or lose " by the event of the proceeding before him. There can be no discrimination as to the extent or amount of the interest, nor whether the cause may have been decided upon considerations independent of it. The smallest

pecuniary interest disqualifies the party who is to act in the decision of the cause.    There can be, and there ought to be, no infringement or relaxation of the rule.    Gen. Stats. ch. 63, § 6; Comp. Stats. ch. 53, § 6; Gen. Stats. ch. 194, § 22; Bill of Rights, Art. 35; *Petition of Nashua*, 12 N. H. 425; *Mitchell* v. *Holderness*, 29 N. H. 523; *Moses* v. *Julian*, 45 N. H. 52.

The judgment entered upon the report of the commissioners at the May trial term, 1868, must be vacated, and a

*New trial granted.*